BOARD OF SUPERVISORS, SMITH COUNTY, v. HAWKINS.

(In Banc. Jan. 26, 1942.)

[5 So. (2d) 684. No. 34795.]

**E. L. Dent**, of Collins, and **Homer Currie**, of Raleigh, for appellant.

**R. S. Tullos** and **J. D. Martin**, both of Raleigh, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The supervisors of Smith County adopted this order:
"It is ordered that the sum of $2550.55 now on hand in the Gasoline Fund be divided as follows:

To Beat 1 Bridge & Road, 25% or $637.64
To Beat 2 Bridge & Road, 25% or $637.63
To Beat 3 Bridge & Road, 25% or $637.63
To Beat 4 Bridge & Road, 16% or $408.10
To Beat 5 Bridge & Road, 9% or $229.55

"It is further ordered that the Clerk of this Board be and is hereby authorized to divide all gasoline funds coming from State of Mississippi hereafter, in the manner above described after placing 35% in the County Road Bond Fund. O. D. Daniel and W. W. Martin voting Nay. Ordered this the 7th day of January 1941."

Three citizens and taxpayers of the county, appellees here, objected to, and appealed from, its adoption.

The circuit judge held that this order was void, because the supervisors did not find and adjudicate in the order the aggregate amount of the county-wide and district road-and-bridge bonds and the assessed valuation of the taxable property of the county, as a basis for allotting thirty-five per cent of the gasoline fund to the payment of the principal and interest of such bonds, as provided by Section 30, (b), Chap. 144, Laws of Mississippi, 1938. His judgment did so find and adjudicate, and further ordered that thirty-five percent of the gasoline fund be allotted to such purpose, and then, by specified percentages, apportioned the remainder of that fund between the five supervisors' districts of the county, using as a basis for the apportionment the comparative areas, number of car tags and road mileage of the districts, and ordered the clerk to certify a copy of this judgment to the board of supervisors to be entered by the board as a substitute for its order. This appeal is from that judg-

ment. We are, therefore, to pass upon the validity of the order and the judgment.

Under said Section 30 the percentage of allotment to payment of maturing principal and interest of road-and-bridge bonds depends upon the aggregate amount of such bonds and the assessed valuation of the taxable property of the county, and, if the facts exist, the allotment is mandatory under the act. These basic facts should be ascertained and adjudicated in the order of the board. The learned circuit judge was correct in holding that the order of the supervisors was invalid for such failure.

But the circuit court has no power to apportion the remainder of this fund between the supervisors' districts of the county. This power is vested by the statute in the supervisors. The provision reads: ''The remaining portion of such county's share of the gasoline tax, after setting aside the portion above provided for the payment of principal and interest of bonds, shall be used in the construction and maintenance of any public highways, bridges, or culverts of the county, including the roads in special or separate road districts in the discretion of the board of supervisors; or, in paying the interest and principal of county road and bridge bonds or district road and bridge bonds in the discretion of the board of supervisors.''

The law confers upon the supervisors power and supervision over the county highways and bridges. The supervisors are in much better position than the courts to know the comparative needs of the roads and bridges and when they best serve the public. Therefore, the legislature, by the foregoing provision, vested in the supervisors discretion as to how the remainder of the gasoline funds not set aside for payment of road-and-bridge bonds should be expended. No rule, or method, is prescribed by the statute, but the law contemplates that the supervisors shall act fairly and in good faith, having in view the good of the entire public; and the courts are without power to interfere with that discretion in the absence of

fraud, or manifest abuse and oppression, in its exercise. By this order the supervisors allotted a definite amount to be spent in each district. The intent of the statute is that the money shall be applied to roads, bridges and culverts wherever they may be in the county, according to their respective needs and benefits to the public, pursuant to the judgment of the entire board, and not arbitrarily according to district lines. However, in the absence of proof of fraud, or manifest abuse of discretion and disregard of the public interest, we do not say the order is invalid because of the method adopted.

Both the order and judgment being invalid, this case is reversed and remanded to the circuit court for direction to the supervisors to enter a proper order in accordance herewith.

Reversed and remanded.